China Dev. Indus. Bank v Morgan Stanley & Co. Inc. (2020 NY Slip Op 02987)





China Dev. Indus. Bank v Morgan Stanley & Co. Inc.


2020 NY Slip Op 02987


Decided on May 21, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 21, 2020

Richter, J.P., Gische, Gesmer, Kern, González, JJ.


10749 650957/10

[*1] China Development Industrial Bank, Plaintiff-Appellant-Respondent,
v
Morgan Stanley & Co. Incorporated (now known as Morgan Stanley & Co LLC), et al., Defendants-Respondents-Appellants, TCW Asset Management Company, et al., Defendants.


Robbins Geller Rudman & Down LLP, Melville (Jason C. Davis of counsel), for appellant-respondent.
Davis Polk & Wardwell LLP, New York (James P. Rouhandeh of counsel), for respondents-appellants.



Order, Supreme Court, New York County (Charles E. Ramos, J.), entered on or about December 27, 2018, as amended by order, same court (Charles E. Ramos, J.H.O.), entered on or about March 7, 2019, which, insofar as appealed from, denied the Morgan Stanley defendants' motion for summary judgment dismissing the complaint as against them, and granted their motion for spoliation sanctions to the extent of precluding plaintiff from introducing any emails or audio recordings in its or defendants' files to support its claims at trial, unanimously modified, on the law and the facts, to deny defendants' motion for spoliation sanctions in its entirety, and otherwise affirmed, without costs.
Spoliation sanctions are available regardless of whether evidence was destroyed intentionally, willfully or negligently (Pegasus Aviation I, Inc. v Varig Logistica S.A, 26 NY3d 543 [2015]). We see no basis for spoliation sanctions on this record. A party who seeks sanctions for spoliation of evidence must show that the party having control over the evidence possessed an obligation to preserve it when it was destroyed, the evidence was destroyed with a "culpable state of mind," and "the destroyed evidence was relevant to the party's claim or defense such that the trier of fact could find that the evidence would support that claim or defense" (id. at 547 [internal quotation marks omitted]). If determined that evidence was intentionally or willfully destroyed, the relevancy of the destroyed evidence is presumed. If determined that evidence was negligently destroyed, the party seeking sanctions must establish that the destroyed evidence was relevant to the party's claim or defense (see id. at 547-548).
Plaintiff did not impose a litigation hold until July 2010. However, the record does not support the court's conclusion that plaintiff was obligated to preserve documents relevant to the transaction between the parties as early as October 2007. The evidence does not show that plaintiff "reasonably anticipated" litigating against defendants at that time, but shows rather that a credible probability of litigation against defendants arose only significantly later (see VOOM HD Holdings LLC v EchoStar Satellite L.L.C., 93 AD3d 33, 43 [1st Dept 2012]). Nor does the record support either the finding that plaintiff selectively preserved certain beneficial documents and recordings related to the transaction for purposes of supporting its legal claims against defendants or the finding that plaintiff refused to produce key witnesses or prevented defendants from deposing them.
Since plaintiff had no duty to preserve evidence in 2007 and reasonably implemented a litigation hold in 2010 upon notice (see The Sedona Conference, Commentary on Legal Holds, Second Ed.: The Trigger & The Process, 20 Sedona Conf J 341 [2019]; VOOM HD at 43), there [*2]is no issue regarding the destruction of records neither intentionally, willfully nor negligently. Accordingly, a spoliation sanction is not triggered and a culpable state of mind analysis is not reached.
The court correctly denied defendants' motion for summary judgment based on its findings that issues of fact remain as to plaintiff's actual reliance on the alleged misrepresentations and whether defendants' alleged fraudulent conduct was the proximate cause of plaintiff's alleged losses. In addition, the court correctly found that issues of fact exist as to when plaintiff discovered the alleged fraud. Because defendants thus failed to establish as a matter of law that plaintiff ratified the agreement after becoming aware of the fraud, the court correctly declined to dismiss the claim for rescission of the transaction agreement and to reject plaintiff's demand for a jury trial on the fraud claim based on the agreement term waiving that right.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 21, 2020
CLERK